**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 1:25-cv-25926-DPG

GAVIN JOHNSON and LISA STOSS, individually and on behalf of all other similarly situated,

Plaintiffs,

v.

CONSTELLATION BRANDS, INC., a Delaware corporation, and CONSTELLATION BRANDS U.S. OPERATIONS, INC., a New York corporation,

Defendants.

_______________________________________/

**JOINT MOTION TO STAY**
**PRETRIAL AND TRIAL DEADLINES PENDING MEDIATION**

Plaintiffs Gavin Johnson and Lisa Stoss and Defendants Constellation Brands, Inc. and Constellation Brands U.S. Operations, Inc. ("the Parties") submit this joint motion to stay pretrial and trial deadlines for 80 days pending mediation and allow the Parties to focus their efforts on exploring a negotiated resolution to this matter. In support, the Parties state:

1. On December 16, 2025, Plaintiff Johnson filed his original Complaint in this Court against Defendants Constellation Brands, Inc. and Constellation Brands U.S. Operations, Inc. (collectively, "Constellation Brands"). Dkt. 1.

2. On April 24, 2026, the Court ordered Plaintiff Johnson and Constellation Brands to submit a joint scheduling report and proposed scheduling order. Dkt. 25. Plaintiff Johnson and

Constellation Brands then jointly moved for an extension of time to file the joint scheduling report and proposed scheduling order, which the Court granted. Dkts. 26, 28.

3. Plaintiff Johnson and Constellation Brands submitted their joint scheduling report on May 13, 2026, along with a jointly negotiated proposed schedule. Dkt. 30.

4. On May 14, 2026, the Court entered a scheduling order setting pretrial and trial deadlines. Dkt. 31. That order required Parties to select mediators and select a mediation date by June 26, 2026, with a mediation deadline of August 16, 2027. *Id.* at 2. It also required completion of Fact and Class discovery by June 4, 2027, and completion of expert discovery by June 15, 2027. Additionally, the order referred all discovery matters to Magistrate Judge Detra Shaw-Wilder for resolution. *Id.* at 3. Magistrate Judge Shaw-Wilder was recused on June 15, 2026, and the case was referred to Magistrate Judge Enjolique A. Lett. Dkts. 33, 34.

5. Plaintiff Johnson filed his First Amended Complaint on May 14, 2026, which joined Plaintiff Lisa Stoss. Dkt. 32.

6. On June 15, 2026, Constellation Brands filed a second motion to dismiss. Dkt. 40. Plaintiffs filed their opposition on July 15, 2026, and Constellation Brands filed its reply on August 4, 2026. Dkts. 45, 48. Constellation Brands' second motion to dismiss remains pending at this time.

7. The Parties have since exchanged discovery requests and have begun collecting documents. However, the Parties recently met and conferred and have determined that they intend to explore a resolution of this case through an early mediation. A mediation at this juncture would be beneficial to preserve resources before they are expended in connection with further discovery and class certification proceedings, and otherwise promote judicial efficiency.

8. The Parties have scheduled an initial mediation session on November 10, 2026, with mediator David W. Ichel.

9. The Parties agree that their efforts to negotiate a resolution to this matter will be most productive if the Parties are fully engaged in those efforts, rather than expending resources on parallel litigation matters.

10. To allow time to do so, the Parties request that the current case management deadlines and deadlines under Local Rule 26.1 be stayed for a period of 80-days, with the opportunity for the current case deadlines being modified and/or extended while the Parties explore resolution via mediation and with this matter otherwise being left administratively open.

11. To that end, the Parties jointly request the Court:

(i) stay all deadlines set in the Court's scheduling order and under Local Rule 26.1 for a period of 80 days (through and including November 20, 2026), pending the outcome of the Parties' mediation (which will be held before that date);

(ii) stay all discovery response deadlines for a period of (a) 80 days (through and including November 20, 2026), pending the outcome of the Parties' mediation;

(iii) order that either party may, at its sole discretion, terminate the stay prior to the expiration of the 80-day period by filing a notice of termination of stay with such termination taking effect one (1) business day after notice of termination is given to the other party and the Court;

(iv) upon expiration or termination of the stay, order that discovery shall resume, and that the deadline to respond to any outstanding discovery requests shall be 30 days after the effective date of the termination of stay; and

(v) order that within 10-days of the termination of the stay, the Parties shall file a joint status report and if necessary, a joint scheduling report with a new proposed pretrial schedule for the Court to address scheduling related issues and the timing of class certification proceedings with other deadlines to be adjusted at the Court's determination based on the 30-day discovery extension.

12. Good cause supports this motion. Although the deadline to mediate under the current schedule is August 16, 2027, the Parties believe judicial economy and proper utilization of judicial and party resources favor an early mediation as proposed herein, with an attendant extension of the deadlines in the pretrial schedule of 80 days, which is needed to allow for the completion of mediation. This motion is made in good faith, and not for purpose of delay.

WHEREFORE, the Parties jointly request that this Court enter an order that:

i. Stays all deadlines set in the Court's scheduling order for a period of 80 days (through and including November 20, 2026) pending the outcome of mediation;

ii. Stays all discovery response deadlines for a period of 80 days (through and including November 20, 2026) pending the outcome of mediation;

iii. Order that either party may, at its sole discretion, terminate the stay prior to the expiration of the 80-day period by filing a notice of termination of stay with such termination taking effect one (1) business day after notice of termination is given to the other party and the Court;

iv. Upon expiration or termination of the stay, order that discovery shall resume and that the deadline to complete discovery shall be 30 days after the effective date of the termination of stay; and

v. Order that within 10-days of the termination of the stay, the Parties shall file a joint status report and if necessary, a joint scheduling report with a new proposed pretrial schedule for the Court to address scheduling related issues and the timing of class certification proceedings with other deadlines to be adjusted at the Court's determination based on the 30-day discovery extension.

DATED: August 31, 2026

Respectfully submitted,

*/s/ Daniel S. Maland*
**RENNERT VOGEL MANDLER & RODRIGUEZ, P.A.**
Miami Tower, Suite 2900
100 S.E. Second Street
Miami, Florida 33131
Telephone: (305) 577-4177
servicedanielmaland@rvmrlaw.com
servicerobertstein@rvmrlaw.com
servicesandramejia@rvmrlaw.com
servicecatherinewachtell@rvmrlaw.com
servicelaurenwhaley@rvmrlaw.com
Daniel S. Maland, Esq.
Florida Bar No. 114932
dmaland@rvmrlaw.com
Robert M. Stein, Esq.
Florida Bar No. 93936
rstein@rvmrlaw.com
Sandra E. Mejia, Esq.
Florida Bar No. 1026047
smejia@rvmrlaw.com
Catherine L. Wachtell, Esq.
Florida Bar No. 1037182
cwachtell@rvmrlaw.com
Lauren Kain Whaley, Esq.
Florida Bar No. 88670
lkainwhaley@rvmrlaw.com

*/s/ Angela M. Spivey*
Angela M. Spivey (*pro hac vice*)
Andrew G. Phillips (*pro hac vice)*
William J. Repko, III (Fla. Bar No. 122636)
Jonathan Hermann (*pro hac vice)*
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Fax: (404) 881-7777
angela.spivey@alston.com
andrew.phillips@alston.com
jay.repko@alston.com
jon.hermann@alston.com
*Attorneys for Defendants*

*/s/ Robert Neary, Esq.*
**KOZYAK TROPIN &**
**THROCKMORTON LLP**
Robert Neary, Esq.
Florida Bar No. 81712
rn@kttlaw.com
Rachel Sullivan, Esq.
Florida Bar No. 815640
rs@kttlaw.com
Abe Andrew Bailey, Esq.
Florida Bar No. 1010335
abailey@kttlaw.com
2525 Ponce de Leon Blvd.
9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508

*Counsel for Plaintiffs and*
*the Proposed Class*

## LOCAL RULE 7.01(a)(3) CERTIFICATION

I HEREBY CERTIFY that on August 26–28, 2026, counsel for the Parties met and conferred via Zoom, telephone, and email regarding the relief set forth herein, and they agreed to the entry of the requested order.

*/s/ Andrew G. Phillips*

Andrew G. Phillips (*pro hac vice*)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Fax: (404) 881-7777
andrew.phillips@alston.com

*Attorney for Defendants Constellation Brands, Inc., and Constellation Brands U.S. Operations, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused the foregoing Motion to Stay Trial and Pretrial Deadlines to be electronically filed with the Clerk of Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

This 31st day of August, 2026.

*/s/ Angela M. Spivey*
Angela M. Spivey (*pro hac vice*)