**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 1:25-cv-25926-DPG

GAVIN JOHNSON and LISA STOSS, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

CONSTELLATION BRANDS, INC., a Delaware corporation, and CONSTELLATION BRANDS U.S. OPERATIONS, INC., a New York corporation,

Defendants.

________________________________________/

**DEFENDANTS' SECOND MOTION TO STAY DISCOVERY AND SUSPEND SCHEDULING ORDER**

Defendants Constellation Brands, Inc. and Constellation Brands U.S. Operations, Inc. (collectively, "Constellation Brands") respectfully move the Court to stay discovery and suspend the current scheduling order pending a ruling on its Motion to Dismiss Plaintiffs' Amended Complaint, ECF No. 40 (the "Motion to Dismiss," or the "Motion").

On August 31, 2025, the Parties filed a Joint Motion to Stay Pretrial and Trial Deadlines Pending Mediation, *see* ECF No. 54, which the Court granted the same day, *see* ECF No. 55. At that time, no court had ruled on any dispositive motion in any one of the nearly identical lawsuits across the country challenging the certification of various Tequila brands' 100% agave Tequilas. Numerous developments have occurred since then that strongly support Constellation Brands' arguments. Given Plaintiffs' unilateral termination of the stay pending mediation on November 10, 2026, *see* ECF No. 61, Constellation Brands respectfully requests that the Court stay discovery

pending a ruling on its Motion to Dismiss, and submits that good cause supports ordering such a stay in light of Plaintiffs' "'potentially fatal pleading' and jurisdictional 'deficiencies.'" *Zoghaib v. Liban*, No. 25-CV-20097, 2026 WL 943756, at *16 (S.D. Fla. Apr. 8, 2026).

## I. LEGAL STANDARD

Although a stay is the exception to the general rule in this district that discovery proceed while a motion to dismiss is pending, it is appropriate if "resolution of the motion [to dismiss] will dispose of the entire case." *Cuhaci v. Kouri Grp. LP*, 540 F. Supp. 3d 1184, 1187 (S.D. Fla. 2021) (internal citations omitted). The party moving to stay discovery "bears the burden of showing good cause," *Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013), and must demonstrate "its necessity, appropriateness, and reasonableness." *Skuraskis v. NationsBenefits Holdings, LLC*, 717 F. Supp. 3d 1221, 1228 (S.D. Fla. 2024) (quoting *Taylor v. Serv. Corp. Int'l*, No. 20-60709, 2020 WL 6118779, at *4 (S.D. Fla. Oct. 16, 2020)).

In deciding whether a stay of discovery is appropriate, "the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.* (quoting *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, No. 21-MD-02994, 2021 WL 10428229, at *1 (S.D. Fla. Oct. 9, 2021)). The Court's balancing requires it to "take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case-dispositive." *Cuhaci*, 540 F. Supp. 3d at 1187 (citation omitted). Given the recent decisions and other developments in cases nearly identical to this case, Constellation Brands' Motion is "clearly meritorious and truly case-dispositive." *Id.*

## II. ARGUMENT

The Motion to Dismiss is both meritorious and case-dispositive, as evidenced by two federal courts' orders dismissing in full on the exact grounds raised in the Motion,[1] and another setting oral argument on those grounds. In *Pusateri v. Diageo N. Am., Inc.*, No. 1:25-cv-02482, 2026 WL 2943357, at *4 (E.D.N.Y. Sept. 30, 2026), Judge DeArcy Hall granted the defendant's motion to dismiss without leave to amend on standing grounds, holding that a plaintiff relying on testing must either test her own purchases or plausibly allege mislabeling so widespread that the products she bought were likely affected. Like the plaintiffs there, Plaintiffs here have done neither.

In *Salisbury v. Costco Wholesale Corp.*, No. C25-2277, 2026 WL 3093265, at *8, *13 (W.D. Wash. Oct. 16, 2026), Judge Evanson dismissed plaintiffs' claims with prejudice under both the international comity and act of state doctrines, siding with arguments identical to those Constellation Brands makes in its Motion. As Constellation Brands argues in its Motion, through their RICO allegations and their attack on Casa Noble Tequila's certification, Plaintiffs take direct aim at Mexico's regulatory regime itself. ECF No. 40 at 17–22. As the court held in *Salisbury*, the doctrines of international comity and the separation of powers strongly caution against the very second-guessing by U.S. courts of a foreign nation's regulation of its own affairs on its own soil.

Additionally, in *Bacos v. Calabasas Beverage Co., LLC*, No. 26-cv-3706, 2026 WL 3015525, at *16 (N.D. Ill. Oct. 7, 2026), although the court denied the defendant's motion to dismiss on the basis of standing,[2] it deferred ruling on the issues of international comity and the

---

[1] Constellation Brands alerted the Court to these decisions by way of Notices of Supplemental Authority. *See* ECF Nos. 56, 59.

[2] The *Bacos* standing ruling is incompatible with case law in this district and the Eleventh Circuit. *See Doss v. Gen. Mills, Inc.*, 2020 WL 905571, at *2 (S.D. Fla. June 14, 2019) (granting motion to dismiss on standing grounds because the plaintiff "d[id] not, however, even allege that the

act of state doctrine until oral argument, set for later this month. That court will also hear oral argument on the same questions in *Dubreu v. Heaven Hill Distilleries, Inc.*, No. 1:26-cv-05330 (N.D. Ill. Oct. 9, 2026), ECF No. 38. In advance of that argument, the Instituto Mexicano de la Propiedad Industrial ("Mexican Institute of Industrial Property" or "IMPI")—a component of Mexico's Ministry of Economy, which oversees Tequila regulation—filed an amicus brief supporting that defendant's argument that, indeed, an isolated "SNIF-NMR test result cannot supersede the determinations [of agave content] based on the process carried out in Mexico under Mexico's legal framework." Br. *Amicus Curiae* of Inst. Mex. de la Prop. Indus. in Support of Dismissal at 10, *Dubreu v. Heaven Hill Distilleries, Inc.*, No. 1:26-cv-05330 (N.D. Ill. Nov. 4, 2026), ECF No. 43-1 (attached as **Exhibit 1**). It further explained that a Tequila's "100% agave" certification by the Consejo Regulador del Tequila ("CRT") "is not an optional marketing claim, but a regulatory requirement assessed within the conformity assessment process prior to the issuance of any export certificate." *Id.* at 11. As a result, the IMPI—*i.e.*, ***the Mexican government itself***—has asked that the court dismiss the lawsuit on international comity and act-of-state grounds. *See id.* at 2.

Not only is the Motion to Dismiss clearly meritorious, but the balance of harms weighs heavily in favor of staying discovery. Plaintiffs will suffer no prejudice from a temporary stay of discovery because there is no continuing risk. Plaintiffs purchased a single bottle of Tequila and do not plausibly allege any ongoing or imminent threat of harm. *See Skuraskis*, 717 F. Supp. 3d at 1231 (finding a temporary stay of discovery reasonable where "there are no allegations in the

---

Cheerios she herself bought actually contain any glyphosate—just that some Cheerios that have been tested do"), *aff'd*, *Doss v. General Mills, Inc.*, 816 Fed. Appx. 312, 314 (11th Cir. 2020) (affirming dismissal because Plaintiff had not plausibly alleged contamination of cereal products he purchased and had alleged "merely a 'conjectural or hypothetical' injury").

Amended Complaint suggesting that Plaintiffs or prospective class members' data is at continuing risk"). Neither will a stay prejudice Plaintiffs' case. Constellation Brands has issued legal holds, such that any evidence Plaintiffs might seek has already been preserved and will continue to be preserved for the duration of a discovery stay.

Conversely, proceeding with discovery will be a significant burden on Constellation Brands. For one, as previously explained, the locus of discovery will be in Mexico. The "100% agave" representation at issue is a mandatory requirement by Mexico based on the CRT's certifications following meticulous and continuous oversight over the production of Casa Noble Tequila. Therefore, discovery will inevitably require cross-border coordination, including with non-party entities like the distiller that produces Casa Noble Tequila and Mexican regulators. *See Goldstein v. Costco Wholesale Corp.*, 2021 WL 2827757, at *2 (S.D. Fla. July 8, 2021) ("[T]he balance of harms favors a temporary stay of discovery" because "Defendant will be forced to incur significant costs if it must respond to discovery relevant to this litigation," while "a brief stay of discovery would not prejudice Plaintiff—and should the case proceed, Plaintiff will have ample opportunity to conduct discovery"). In addition, Constellation Brands will undoubtedly incur significant costs in discovery. Already, the parties have exchanged close to 200 written discovery requests, including 47 Requests for Production served by Plaintiff on Constellation Brands, and they have served three third-party subpoenas. Depositions and expert discovery will follow, further ballooning the cost of this litigation. Constellation Brands will therefore be significantly prejudiced by spending inordinate sums of money defending itself in discovery that is likely to be mooted by a favorable order on its Motion.

Finally, a stay of discovery is appropriate when there are threshold legal questions and potential pleading deficiencies that additional discovery would not resolve. *Smith v. Equifax Info.*

*Servs., LLC*, No. 0:26-cv-60887, ECF No. 35 at 2 (S.D. Fla. June 6, 2026) (staying the litigation where "issues present purely legal questions that discovery will not assist in resolving") (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) (holding that facial legal challenges should be resolved before discovery begins)); *United States v. Johnson & Johnson*, No. 0:23-cv-61318, ECF No. 92 at 5 (S.D. Fla. Oct. 15, 2026) (granting motion to stay where defendants identified potential Rule 9(b) insufficiencies). Here, the Motion challenges Plaintiffs' standing—the quintessential threshold legal question—and the sufficiency of Plaintiffs' allegations under Rules 8(a) and 9(b). *See* ECF No. 40 at 11, 31.

* * *

In light of the developments in *Pusateri*, *Salisbury*, *Bacos*, and *Dubreu*, Constellation Brands respectfully submits that circumstances have changed since it filed its first motion to stay, and that good cause exists to stay discovery given the likelihood that the Motion to Dismiss could dispose of the entire action on jurisdictional grounds. Constellation Brands therefore again requests that this Court exercise its discretion and stay discovery until resolution of the Motion to Dismiss.

DATED: November 11, 2026

*/s/ Angela M. Spivey*
Angela M. Spivey (*pro hac vice*)
Andrew G. Phillips (*pro hac vice*)
William J. Repko, III (Fla. Bar No. 122636)
Jonathan Hermann (*pro hac vice*)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Fax: (404) 881-7777
angela.spivey@alston.com
andrew.phillips@alston.com
jay.repko@alston.com
jon.hermann@alston.com

*Attorneys for Defendants Constellation Brands, Inc., and Constellation Brands U.S. Operations, Inc.*

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

I HEREBY CERTIFY that the undersigned counsel left two voicemails for Plaintiffs' counsel today, November 11, 2026, who responded by email shortly thereafter to state that a call would not be necessary, and that Plaintiffs oppose this motion.

Dated: November 11, 2026

*/s/ Andrew G. Phillips*
Andrew G. Phillips (*pro hac vice*)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Fax: (404) 881-7777
andrew.phillips@alston.com

*Attorneys for Defendants Constellation Brands, Inc., and Constellation Brands U.S. Operations, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused to be electronically filed the foregoing Second Motion to Stay Discovery and Suspend Scheduling Order with the Clerk of Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

This 11th day of November, 2026.

*/s/ Andrew G. Phillips*
Andrew G. Phillips (*pro hac vice*)